IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-08-111-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| DALLAS JAMES WALKER, | |
| Defendant. | |

## I. Synopsis

Mr. Walker was accused of violating his conditions of supervised release by 1) using a controlled substance, 2) failing to report for substance abuse testing, 3) consuming alcohol, and 4) committing another crime. He admitted to three of the violations, but denied committing another crime. Mr. Walker's supervised release should be revoked. He should be sentenced to four months of custody, with nineteen months of supervised release to follow.

## II. Status

In January 2009, Mr. Walker pleaded guilty to Voluntary Manslaughter. (Doc. 19). United States District Court Judge Sam E. Haddon sentenced Mr. Walker to seventy-eight months in custody and thirty-six months of supervised release. (Doc. 24).

Mr. Walker's first term of supervised release began on January 1, 2014. (Doc. 51). United States District Judge Brian Morris revoked Mr. Walker's supervised release on June 23, 2014, because he violated its conditions by using alcohol, failing to participate in substance abuse testing, maintaining criminal associations, and engaging in new crimes. Judge Morris sentenced Mr. Walker to three months of custody, followed by thirty-three months of supervised release. (Doc. 36). Mr. Walker began his next term of supervised release on September 18, 2014.

On December 2, 2014, Mr. Walker was accepted to Blue Thunder Lodge, a sober-living facility, for intensive outpatient treatment. (Doc. 51). On January 28, 2015, Judge Morris signed a Report on Offender Under Supervision after Mr. Walker failed to return to Blue Thunder Lodge as required. Mr. Walker was allowed to remain in the program. (Doc. 38).

On April 9, 2015, Mr. Walker appeared before Judge Morris for violating the terms of his supervised release by absconding supervision and failing to complete substance abuse treatment. Judge Morris sentenced him to custody until May 21, 2015, and until a bed was available at Blue Thunder. Judge Morris also sentenced him to thirty months of supervised release. (Doc. 49).

On July 7, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Walker's supervised release for his failure to complete

substance abuse treatment and failure to report a change in address. (Doc. 51). Mr. Walker's supervised release was revoked and he was sentenced to seven months custody with twenty three months of supervised release to follow. (Doc. 59).

On July 6, 2017, Judge Morris signed a Report on Offender Under Supervision for the illegal use of oxycodone and marijuana. (Doc. 62). Mr. Walker was allowed to remain on supervised release.

**Petition**

On January 3, 2018, the United States Probation Office filed a petition asking the Court to revoke Mr. Walker's supervised release. The petition alleged that on December 29, 2017, Mr. Walker reported to his probation office that he had eaten a marijuana edible on December 23, 2017. The petition also alleged that on December 25, 2017, Mr. Walker failed to report for urinalysis testing. The petition further alleged that on December 27, 2017, after being arrested, Mr. Walker admitted to consuming whiskey. Finally, the petition alleged that on that same day, Mr. Walker committed another crime–aggravated assault, sexual assault, and abuse of a family member–after an incident where Mr. Walker allegedly attacked a neighbor couple while intoxicated. (Doc. 63). Based on the petition, Judge Morris issued a warrant for Mr. Walker's arrest. (Doc. 64).

**Initial appearance**

Mr. Walker appeared before the undersigned on February 27, 2018, in Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Walker said he had read the petition and understood the allegations. Mr. Walker waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On February 27, 2018, Mr. Walker appeared with Mr. Arvanetes before the undersigned for a revocation hearing. Mr. Cobell appeared on behalf of the United States. Mr. Walker admitted that committed the first three violations as alleged in the petition, but denied the fourth allegation. The United States did not put on any evidence in support of the fourth violation. Therefore, the Court finds that the United States has met its burden with respect to the first three alleged violations, but not the fourth alleged violation. The admitted violations are serious and warrant revocation of Mr. Walker's supervised release.

Mr. Walker's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for twenty-three months, less any custody time imposed. The United States

Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended either a high guideline sentence with no supervised release to follow, or a low guideline sentence followed by supervised release. Mr. Walker addressed the Court and said he did well on supervised release and requested to continue on it. He stated that when he was going to take his required urinalysis testing, the office was closed for Christmas Day. Mr. Cobell argued for a guideline sentence followed by supervised release, acknowledging that Mr. Walker was passing blame and had several 12A reports against him while on supervised release.

### III. Analysis

Mr. Walker's supervised release should be revoked because he admitted violating its conditions. Mr. Walker should be sentenced to four months of custody, with nineteen months supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Mr. Walker was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Walker's objection, if it is filed within the

allotted time, before making a final determination on whether to revoke Mr. Walker's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Dallas James Walker violated the conditions of his supervised release by 1) using a controlled substance, 2) failing to report for substance abuse testing, and 3) consuming alcohol.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Walker's supervised release and committing Mr. Walker to the custody of the United States Bureau of Prisons for four months. He should be sentenced to nineteen months of supervised release. The same conditions of supervised release should be continued.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

Dated the 6th day of March, 2018.

_____
John Johnston
United States Magistrate Judge